One year (50 issues) Payable in Advance.......$15.00
Single Numbers ............................... .35

When cash is mailed to us in advance
20 per cent discount

RENEWALS not prepaid (per mo. $1.25).......$15.00
No discount allowed after expiration date

**THE LAW ABSTRACT COMPANY**

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

Address all mail communications to P. O. Box 2455,
Cleveland, O.

---

**EXPIRATIONS**

We send notices to subscribers, four weeks in advance of the date to which their application is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

---

### No. 36

COMM. (Summit Co.) v. COMM. (Trumbull Co.)

No. 20169.  Supreme Court

On motion to certify.  Dock. Nov. 15, 1926, 4 Abs. 774.

323.  COUNTY COMMISSIONERS—When a person is divorced from her husband and from the time of said divorce she is a charge of the county, do her minor children gain a new legal settlement when she remarries and moves to another county, the stepfather never adopting the children?

This action arose in the Trumbull Common Pleas where judgment was given the Trumbull County Commissioners and upon error proceedings was affirmed by the Trumbull Court of Appeals.  The facts are: Mrs. Bessie White was divorced from David White in 1924 and under the decree Bessie White was given the custody of eight minor children.  From this time she was a charge on the Trumbull County Commissioners until 1925.  Prior to this time she had a legal residence in Warren, Trumbull County.  On July 11, 1925 she and Norman Tyler procured a marriage license in Trumbull County and she and her children moved to Cuyahoga Falls, Summit County, where she was married Sept. 14, 1925.

Mrs. Tyler and her eight children were supported without charity till Oct. 16, 1925 when she and the children became a charge on Summit County.  Mr. Tyler had a legal residence at Cuyahoga Falls and Mrs. Tyler resided with him, but at no time did Mr. Tyler adopt the children.

On Jan. 22, 1926 Mrs. Bessie White Tyler and children were transported back to Trumbull County at the cost of $100 which was demanded of the Trumbull Commissioners within 20 days.  This was refused and suit was brought.  Shortly after her arrival in Trumbull County she was returned to Summit County by the Warren authorities.

The sole question to be determined is whether or not Mrs. Bessie White Tyler and her children obtained a legal residence in Summit County it being admitted that she had a legal residence in Trumbull County; and if she did not gain a new one in Summit County, the Trumbull County legal settlement is in effect.  The Summit County Commissioners contend in the Supreme Court:

1.  That a legal settlement once gained in any town or county in a state is lost only by the person acquiring one in some other town or county in the state.

2.  That minors are incapable of gaining a legal settlement in their own right and such is not changed by the fact that its mother has married again and has removed to another township.

3.  That Mrs. White because she was supported by charity from the time of her divorce to her second marriage never gained any legal settlement only by reason of the fact that her divorced husband had a legal settlement in Warren.

4.  That the lower courts erred in their interpretations of Secs. 3476, 3477, 3478, 3479 GC., being the poor law of Ohio in relation to the facts and contentions herein.

**Attorneys**—W. Booth, Akron, for Summit Comm; W. W. Pierson, Warren, for Trumbull County.